17 P.3d 266

G. Carter KILLINGER, Jr. Donna E. Killinger, dba Highway 30 Garage, Plaintiffs–Appellants,

v.

TWIN FALLS HIGHWAY DISTRICT; and Idaho Transportation Department, Defendants–Respondents,

and

Dave Burgess, Director; Kenneth Thaete, Chairman; Arthur R. Bailey, Doug Howard, Commissioners; Dwight Bower, Director; Monte Fiala, Administrator; Leon Smith, Mike Mitchell, John Combo, Monte McClure, Charles Winder, Neil Miller, John McHugh, Board Members; Jim Ross, Chief Engineer; Scott Malone, Assistant Engineer; John Wanamaker, Road Engineer; Marylyn Johnson, Supervisor; and John and Jane Doe, one (1) through ten (10), each in their individual capacities, Defendants.

No. 25508.

Supreme Court of Idaho, Twin Falls, March 2000 Term.

Dec. 21, 2000.

Rehearing Denied Jan. 12, 2001.

Rolig Peterson, Twin Falls, for appellant. Jeffrey E. Rolig argued.

Hon. Alan G. Lance, Attorney General; Steven M. Parry, Deputy Attorney General, Boise, for respondent. Steven M. Parry argued.

SILAK, Justice.

Appellants G. Carter Killinger and Donna E. Killinger (the Killingers) appeal from an order granting summary judgment and dismissing their inverse condemnation claim against respondents Twin Falls Highway District (the District) and the Idaho Transportation Department (ITD). We affirm the summary judgment, in part, but vacate in part and remand the case for further proceedings.

324

## I.

### FACTS AND PROCEDURAL BACKGROUND

#### A. Facts

The Killingers own lots 10 through 20 of Block 3 of the Clear Brook Acres Subdivision, where the Killingers operate the Highway 30 Garage. The subdivision plat was recorded on June 25, 1960, and includes a 115–foot strip of land labeled as the "Access Road." Prior to the highway expansion, the Access Road was bounded on the north by the Killingers' property and on the south by U.S. Highway No. 30. In 1978 the District issued quitclaim deeds conveying to the Killingers the northern 30 feet of the Access Road. The conveyance narrowed the District's right of way in the Access Road to 85 feet. In February 1980, the District granted the Killingers an encroachment permit that allowed construction of a fence on the Access Road. The minutes from the District meeting in which the permit was granted state that the fence would be allowed "until such time that [the district] would need the right of way."

On July 23, 1993, the Killingers met with the District Commissioners to discuss the widening of Highway 30 and the District's proposal to transfer its right of way in the Access Road to the ITD. The expansion plan included the construction of a "buffer zone" over the Access Road consisting of a curb and gutter system. Upon completion of the proposed modification, the edge of Highway 30's pavement would be 38 feet from the Killingers' property. In November 1994, the District and the ITD entered into a Road Closure and Road Maintenance Agreement under which the District transferred its right of way in the Access Road to the ITD despite the Killingers' opposition.

#### B. Procedural Background

On November 1, 1996, the Killingers filed a complaint alleging that the proposed widening of Highway 30 would be an unlawful taking of the Killingers' property without compensation. On August 31, 1998, the parties filed a stipulation of facts. The parties filed cross-motions for summary judgment.

The district court granted summary judgment against the Killingers, ruling that the actions taken by the District and the ITD did not constitute a taking of the Killingers' property because the Killingers had failed to demonstrate that the modifications to the highway constituted a substantial impairment to their right to access.

## II.

### ISSUES ON APPEAL

The appellants raise the following issues on appeal:

A. Whether the removal of the Access Road and the expansion of Highway 30 constitute a taking of the Killingers' property that requires compensation. Whether the loss of parking in the "buffer zone" constitutes a taking.

 1. Whether the expansion of the highway into the Access Road was a change in the character of the use for which the Access Road was dedicated, therefore requiring compensation.

 2. Whether the expansion of Highway 30 into the Access Road was an unreasonable impairment of the Killingers' right to access their property.

B. Whether the Killingers are entitled to attorney fees.

## III.

### STANDARD OF REVIEW

■ In an appeal from an order granting summary judgment, this Court applies the same standard of review used by the district court in ruling on a motion for summary judgment. *See First Security Bank v. Murphy,* 131 Idaho 787, 790, 964 P.2d 654, 657 (1998); *Avila v. Wahlquist,* 126 Idaho 745, 747, 890 P.2d 331, 333 (1995). Summary judgment is appropriate only when the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *See Murphy,* 131 Idaho at 790, 964 P.2d at 657.

■ Generally, when considering a motion for summary judgment, a court liberally construes the record in the light most favorable to the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor. *See Brooks v. Logan*, 130 Idaho 574, 576, 944 P.2d 709, 711 (1997). However, where the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, "summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Murphy*, 131 Idaho at 790, 964 P.2d at 657; *see also Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). Moreover, when "both parties file a motion for summary judgment relying upon the same facts, issues, and theories, the parties essentially stipulate that there is no genuine issue of material fact which would preclude the district court from entering summary judgment." *Hunting v. Clark County School Dist. No. 161*, 129 Idaho 634, 637, 931 P.2d 628, 631 (1997) (citing *Brown v. Perkins*, 129 Idaho 189, 191, 923 P.2d 434, 436 (1996)).

## IV.

## ANALYSIS

### A. The District Court Erred In Granting Summary Judgment.

■ This Court has recognized the right of a property owner to access a public way is a vested property right appurtenant to the land abutting the public way in question, and that an unreasonable limitation upon such a right may constitute a taking requiring compensation. *See Brown v. City of Twin Falls*, 124 Idaho 39, 41, 855 P.2d 876, 878 (1993) (citing *Johnston v. Boise City*, 87 Idaho 44, 390 P.2d 291 (1964); *Farris v. City of Twin Falls*, 81 Idaho 583, 347 P.2d 996 (1959); *Hughes v. State*, 80 Idaho 286, 328 P.2d 397 (1958)); *see also Bare v. Dept. of Highways*, 88 Idaho 467, 471, 401 P.2d 552, 554 (1965). When the state appropriates property without going through the procedure of a condemnation, the property owner may initiate an inverse condemnation suit and request

compensation. *See Reisenauer v. State*, 120 Idaho 36, 39, 813 P.2d 375, 378 (Ct.App.1991) (citing *Rueth v. State*, 100 Idaho 203, 220 n. 4, 596 P.2d 75, 92 (1978)).

The Killingers claim that the widening of the highway was a taking because the removal of the Access Road makes it impossible to put their land to its historic use. The Killingers argue that they have a property right in providing access to semi and tow trucks that would deliver freight shipments and their customers' automobiles to the Highway 30 Garage. The Killingers argue the only way for such trucks to currently access the property is for the trucks to back into the Killingers' property from the traffic lane of Highway 30, and that the risks in making deliveries in this fashion are too great to make the continued operation of the business feasible. The Killingers also argue that the highway expansion has eliminated a large portion of their parking space. Since the widening of the highway impairs the Killingers' traditional access to the property and allegedly makes the operation of their business impossible, the Killingers argue that the changes made to the highway constitute a taking for which they are entitled to compensation.

■ While the expansion of Highway 30 may cause inconvenience to the Killingers, an inverse condemnation action cannot be maintained unless an actual taking of private property is established. *See Snyder v. State*, 92 Idaho 175, 179, 438 P.2d 920, 924 (1968). This Court has observed that "all inconveniences resulting from changes in construction or regulation on public highways are not compensable in this state." *See id.* This Court has also held "that the determination of whether or not there was a taking is a matter of law to be resolved by the trial court." *Tibbs v. City of Sandpoint*, 100 Idaho 667, 670, 603 P.2d 1001, 1004 (1979) (citing *Rueth v. State*, 100 Idaho 203, 596 P.2d 75 (1978)).

### 1. The loss of parking in the "buffer zone" does not constitute a taking.

■ The Killingers argue that the construction of the "buffer zone," consisting of a curb and gutter system, prevents the cus-

tomary use of the area as customer parking on the Access Road. The Killingers include the loss of parking as part of their property right to access, which has been taken by the government by inverse condemnation.

In *Snyder v. State*, the plaintiff sought inverse condemnation damages when Boise's Main Street became part of the state highway system in 1964. As part of the conversion, Snyder's curb cut along Main Street was eliminated and parallel and angle parking on Main Street was prohibited. Snyder claimed that removing the curb cut impaired his customers' access to his property, which was essential to the operation of his business. *See* 92 Idaho at 176–77, 438 P.2d at 921–22.

In *Snyder*, this Court held the landowner was not entitled to compensation for the removal of the cutouts and the prohibition of parking. This Court observed that, as in the instant case, the land upon which Snyder's customers had been parking was public property, and that there had been no taking of real property in a physical sense. *See id.* at 177, 438 P.2d at 922. The Court also determined that the privilege of parking along a public thoroughfare was not equal to the right of a property owner to access streets abutting his or her property. *See id.* Instead, the Court concluded the city, in the exercise of its police power, can revoke the license to park on the public streets for business purposes where " 'such revocation is necessary and in the interests of the public welfare or public safety, and is not arbitrary, unreasonable, discriminatory, oppressive or capricious, and the conditions existing at the time justify such action.' " *See id.* at 179, 438 P.2d at 924 (quoting *Yellow Cab Taxi Service v. City of Twin Falls*, 68 Idaho 145, 151, 190 P.2d 681, 684 (1948)).

No evidence in the record suggests that the decision to widen Highway 30 was not in the public interest, or that the transfer of jurisdiction from the Highway District to the ITD was executed unreasonably or arbitrarily. In fact, the record indicates that the Killingers had notice that the encroachment permit they obtained in 1980 would be revoked if the right of way were needed in the future. We hold, therefore, that there was no taking to the extent the expansion of

Highway 30 prevents the Killingers from parking on the public property formerly occupied by the Access Road.

### 2. The expansion of the highway constitutes a change in the character of the government's use and, therefore, a taking.

 The Killingers also argue the ITD's removal of the Access Road and construction of the "buffer zone" was a substantial change in use which constitutes a taking for which they are entitled to compensation. The Killingers contend that when property is dedicated to the government for a specific use, such as when a landowner creates streets in a subdivision, the government holds the property in trust for the public and is bound by any limitations which the dedicator placed upon the government's use of the property. Since the former Access Road has been replaced by the highway buffer zone, the Killingers argue they are entitled to compensation because the government's use is outside the bounds of the limitations placed on the property by the dedicator.

 In taking cases, as long as the basic character of the government's use does not change, an expanded use of the government's right of way is not compensable. *See Reisenauer v. State Dept. of Highways*, 120 Idaho 36, 40, 813 P.2d 375, 379 (Ct.App.1991) (concluding that "if the new use is of the same character as the use for which the land was taken" the new use is only an advancement upon the original taking and is not grounds for additional compensation). Where the government's use does, however, constitute a fundamental change in the character of use from its original use, the government's conduct amounts to a taking requiring compensation. *See id.*

In *Reisenauer*, the Court of Appeals was faced with a situation where, in 1937, the state of Idaho purchased a right-of-way to a strip of property from a landowner to use in realigning U.S. Highway 95. The Reisenauers subsequently purchased the property adjacent to the strip in 1943. In 1978, the state added a passing lane to the highway, which moved the highway closer to the Reis-

enauer's property but was still within the right-of-way strip of property. The Reisenauers initiated an inverse condemnation action to recover compensation for several incidents where cars left the highway and ended up on the Reisenauers' lawn. The Court of Appeals determined the Reisenauers were not entitled to compensation because the state had already provided just compensation to the previous owners and the subsequent addition of a passing lane, while changing the degree of use, was not a substantial change in the type of use. *See Reisenauer,* 120 Idaho at 40–41, 813 P.2d at 379–80 (finding the redesign of the highway was not a change in the basic character of the type of use even though the degree of use increased).

In this case, however, the property was formerly used by the abutting landowners as an Access Road. The Killingers, in particular, used the Access Road for parking and maneuvering large vehicles in connection with their business. Transforming the property into a buffer zone without compensating the landowners for the loss of their use of the property as an Access Road is a taking. The Access Road is no longer usable for the same purposes as promised to the Killingers, but now is part of the state highway system. Such a change in the type of use from which the property had originally been set aside amounts to a taking requiring compensation.

Therefore, we hold the creation of the buffer zone constitutes a change in character of the type of use and, thus, a taking. Accordingly, we reverse the district court's order and remand the case to the district court to determine the amount of compensation to which the Killingers are entitled.

3. Whether The Expansion of Highway 30 Into The Access Road Was An Unreasonable Impairment Of The Killingers' Right To Access Their Property.

Because of the Court's disposition of issue A.2. above, we need not address this issue.

**B. The Killingers Are Not Entitled To Attorney Fees On Appeal.**

The heading of the Killingers' third issue to this Court states they are requesting attorney fees on appeal. The Killingers' discussion of the issue, however, argues that, pursuant to I.C. 7–718, this Court should order the district court, on remand, to consider and set an award of attorney fees.

Attorney fees on appeal are denied. The Killingers failed to properly request and present any argument regarding attorney fees on appeal as required by I.A.R. 35(a)(6). *See Weaver v.Searle Bros.,* 131 Idaho 610, 616, 962 P.2d 381, 387 (1998) (holding where attorney fees are requested, but not discussed in the argument portion of the brief, the request will not be considered); *see also Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756 at 768, 992 P.2d 751 at 763 (1999).

## V.

## CONCLUSION

We affirm that part of the district court's opinion that determined the loss of parking did not constitute a taking. As to the other portions of the district court's opinion, we reverse and hold the construction of the buffer zone amounts to a change in the character of use and, thus, a taking. We, therefore, vacate the portion of the district court's order granting summary judgment on this basis and remand the case to the district court to determine the amount of compensation to which the Killingers are entitled. No attorney fees on appeal are awarded, but costs on appeal are awarded to the Killingers as the prevailing party.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL concur.