41 P.3d 209

**Matthew Lee HERMAN, a minor, By and Through Rita HERMAN, his guardian ad litem, Plaintiff–Appellant,**

v.

**Althea HERMAN, Defendant–Respondent.**

No. 26241.

Supreme Court of Idaho,
Lewiston, October 2001 Term.

Jan. 18, 2002.

Fitzgerald & Van Idour, Lewiston, for appellant.

Dee, MacGregor, Fales & MacGregor, Grangeville, for respondent.

KIDWELL, Justice.

Matthew Herman (Matthew) brought an action against his mother, Althea Herman (Althea), to compel her to account for federal employee death benefits paid to her for the benefit and support of Matthew. The district court granted Althea's motion for summary judgment, finding that no resulting trust arose to support an order for an accounting. We affirm the district court's grant of Althea's motion for summary judgment.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff Matthew Herman, born in 1981, is the son of Clifford and Althea Herman. Clifford died in 1992 in a work-related automobile accident while employed by the United States Forest Service. In June of 1992, as a result of Clifford's death, Althea was awarded $119,894.00 in death benefits under the federal Public Safety Officers' Benefit Act of 1976. In September of 1995, Matthew went to live with his Aunt Rita in South Carolina, and in October of 1997 a South Carolina court awarded Rita custody of Matthew. All of the federal benefits had been spent by the time Matthew, through Rita Herman, instituted this action against his mother in July of 1998, when Matthew was seventeen years old.

Matthew sought an accounting by Althea for the portion of the lump-sum Public Safety Officers' benefits she received, arguing that Althea was under a duty to spend a portion of the benefits for Matthew's benefit. He also sought an accounting for any other social security or "federal workmen's compensation" benefits Althea subsequently received for Matthew's care and support. Matthew sought to show that Althea had improperly spent or received some of the funds intended for his care and that he was entitled to an award of the amount improperly spent or

received. The district court granted Althea's motion for summary judgment and dismissed the case, finding that Althea owed no fiduciary duties to Matthew under the resulting trust theory and that there were no genuine issues of material fact to indicate that Althea had improperly spent the funds.

The South Carolina court that awarded custody to Rita also ordered that Althea pay to Rita any of Matthew's funds still in Althea's possession. In this case Matthew has not asked the district court or this Court to recognize or enforce the order of the South Carolina court.

## II.

### STANDARD OF REVIEW

On appeal from the grant of a motion for summary judgment, this Court employs the same standard to be used by the district court originally ruling on the motion. *Kelso v. Lance*, 134 Idaho 373, 374–75, 3 P.3d 51, 52–53 (2000). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). As to issues of law, this Court exercises free review of the trial court's decision. *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999).

## III.

### ANALYSIS

A. **The District Court Properly Resolved Conflicting Inferences From The Evidence Available On Summary Judgment.**

■ Generally, on a motion for summary judgment, a court liberally construes all disputed facts in favor of the non-moving party, and draws all reasonable inferences and conclusions supported by the record in favor of the non-moving party. *Kelso*, 134 Idaho at 375, 3 P.3d at 53. If reasonable people could reach different conclusions or draw conflict-

ing inferences from the evidence, the motion must be denied. *Id.*

However, in its Opinion and Order Granting Defendant's Summary Judgment Motion, the district court determined that summary judgment was appropriate, despite the possibility of conflicting inferences, because the court alone was responsible for resolving the conflict between those inferences. Matthew argues that it was error for the district court to resolve conflicting inferences upon summary judgment.

This Court has held, as an exception to the rule that all inferences must be drawn in favor of the non-moving party, that "where the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Killinger v. Twin Falls Highway Dist.,* 135 Idaho 322, 324, 17 P.3d 266, 268 (2000); *see also Brown v. Perkins,* 129 Idaho 189, 191, 923 P.2d 434, 436 (1996). Neither party requested a jury in this case. Based upon the pleadings and the sole affidavit in the case, there is no dispute that Matthew is the son of Clifford and Althea Herman; that Clifford died in 1992 in a work-related accident; that in June of 1992, Althea received $119,894.00 due to Clifford's death, $19,982.33 of which was for Matthew's benefit; that Matthew went to live with his Aunt Rita in September 1995; that Rita was awarded custody of Matthew in October 1997; and that all of the lump-sum benefits had been spent by the time Matthew instituted this action. The district court was free to resolve any conflicting inferences arising from those undisputed facts.

In his amended complaint, Matthew claimed that Althea received funds intended for his benefit between the 1992 receipt of the lump-sum death benefits and the 1997 custody order. He claimed that Althea either still holds, or that she improperly spent, some of those funds in an amount in excess of $10,000. In her answer and in her affidavit, Althea denied that she received any funds on Matthew's behalf other than the $19,982.33 lump-sum benefit, and she stated that she had spent all of that money for Matthew's care and education. Matthew has not offered anything other than the bare allegations in his complaint to contradict Althea's claim that she spent the money for his benefit. "The party opposing the motion [for summary judgment] may not merely rest on the allegations contained in the pleadings; rather, evidence by way of affidavit or deposition must be produced to contradict the assertions of the moving party." *D.A.R., Inc. v. Sheffer,* 134 Idaho 141, 144, 997 P.2d 602, 605 (2000). Consequently, these facts are undisputed as well, and the district court was free to resolve any conflicting inferences arising from them.

**B. The District Court Properly Ruled That A Letter From The Justice Department Was Inadmissible Hearsay.**

Matthew submitted a letter purporting to be written by William F. Powers of the U.S. Department of Justice. It was submitted to show that the federal government intended Althea to hold and spend the benefits, as a fiduciary, for Matthew's benefit. The district court determined that the letter was inadmissible hearsay and declined to take it into account when ruling on the summary judgment motion.

This Court reviews challenges to a trial court's evidentiary rulings under an abuse of discretion standard. *See Perry v. Magic Valley Reg'l Med. Ctr.,* 134 Idaho 46, 50–51, 995 P.2d 816, 820–21 (2000). To determine whether a trial court has abused its discretion, this Court considers whether the trial court correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by an exercise of reason. *Id.* Error is disregarded as harmless unless the ruling affects a substantial right of the party. *Id.;* I.R.E. 103(a); I.R.C.P. 61.

Matthew argues that the letter was admissible under the public records exception to the rule against hearsay, I.R.E. 803(8), or the "catch-all" exception, I.R.E. 803(24). Idaho Rule of Evidence 803 provides, in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

. . . .

(8) Public Records and Reports. Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. . . .

. . . .

(24) Other Exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. A statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

I.R.E. 803(8), (24).

In determining whether the letter qualified under either of the above rules, the district court found that there was no evidence to establish that the author of the letter was who he purported to be. The court also found that the statements in the letter were merely one individual's opinion as to how the funds should be handled, rather than an official statement by a government agency. Those findings are supported by substantial and competent evidence. Under I.R.E. 901, authentication is a prerequisite to the admission of evidence. *State v. Silverson,* 130 Idaho 283, 285, 939 P.2d 859, 861 (Ct.App. 1997). Rule 901 provides, in relevant part:

(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) Testimony of Witness With Knowledge. Testimony of a witness with knowledge that a matter is what it is claimed to be.

. . . .

(7) Public Records or Reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

I.R.E. 901. There was no testimony by a witness with knowledge regarding the letter, and the record is void of any other evidence to provide foundation to show that the writing was from a public office where forms of this nature are kept. Thus, there was no evidence of authentication to demonstrate that the letter was qualified as a public record under I.R.E. 803(8). Similarly, there was no evidence of sufficient indicia of reliability or of proper prior notification to satisfy the requirements of I.R.E. 804(25). The district court acted within its discretion in ruling that the letter was inadmissible and thus improper for consideration on summary judgment.

## C. The District Properly Concluded That No Resulting Trust Arose.

■ Matthew contends that, when the federal government gave the funds at issue to Althea with the intent that they be used for his care and support, a resulting trust arose, placing a duty upon Althea to spend the funds for his benefit. He argues that, having

incurred that duty, Althea may be required to account for her expenditures.

■ "Generally an alleged beneficiary of a resulting trust is required to show by clear, cogent, and convincing evidence the underlying facts necessary to give rise to resulting trust." *Shurrum v. Watts*, 80 Idaho 44, 53, 324 P.2d 380, 385 (1958). "A resulting trust arises only where such may reasonably be presumed to be the intention of the parties as determined from the facts and circumstances existing at the time of the transaction." *Id.* A resulting trust can arise in certain real estate contexts irrelevant to this case, or "where legal title to property is transferred by *gift or devise*, with an apparent intent that the donee or devisee is to hold legal title as a trustee in order for the beneficiary of the trust to enjoy the beneficial interest in that property." *Hettinga v. Sybrandy*, 126 Idaho 467, 470, 886 P.2d 772, 775 (1994) (emphasis added).

Here, the parties agree that the federal government provided the funds as a death benefit earned due to the efforts of the late Clifford Herman, in accordance with the Public Safety Officers' Benefit Act of 1976. As noted above, the district court was entitled to resolve any conflicting inferences arising from the undisputed facts. There was substantial and competent evidence to support the district court's finding that the funds were not given to Althea by *gift or devise;* therefore, the payment of the death benefit was not the type of transaction that may give rise to a resulting trust. There being no resulting trust, Althea cannot be made to account for her expenditures under this theory.

**D. Althea Did Not Incur A Duty To Spend The Benefits For Matthew's Benefit Under I.C. § 15–5–103.**

■ Matthew argues on appeal that Althea incurred a duty to spend his portion of the benefit for his support and education under I.C. § 15–5–103, a section of the Uniform Probate Code dealing with the payment of money to a minor. He argues that, having incurred that duty, Althea may be required to account for her expenditures. Section 15–5–103 reads as follows:

Any person under a duty to pay or deliver money or personal property to a minor may perform this duty, in amounts not exceeding ten thousand dollars ($10,000) per annum, by paying or delivering the money or property to, (1) the minor, if he has attained the age of eighteen (18) years or is married; (2) any person having the care and custody of the minor with whom the minor resides; (3) a guardian of the minor; or (4) a financial institution incident to a deposit in a federally insured savings account in the sole name of the minor and giving notice of the deposit to the minor. This section does not apply if the person making payment or delivery has actual knowledge that a conservator has been appointed or proceedings for appointment of a conservator of the estate of the minor are pending. The persons, other than the minor or any financial institution under (4) of this section, receiving money or property for a minor, are obligated to apply the money to the support and education of the minor, but may not pay themselves except by way of reimbursement for out-of-pocket expenses for goods and services necessary for the minor's support. Any excess sums shall be preserved for future support of the minor and any balance not so used and any property received for the minor must be turned over to the minor when he attains majority. Persons who pay or deliver in accordance with provisions of this section are not responsible for the proper application thereof.

I.C. § 15–5–103. The parties presented arguments regarding the applicability of this section at the summary judgment hearing. However, in its Opinion and Order Granting Defendant's Summary Judgment Motion, the district court did not address the applicability of this section. In unconditionally granting defendant's motion for summary judgment, the district court implicitly ruled against Matthew's argument that Althea had a duty under I.C. § 15–5–103.

Matthew urges a bifurcated interpretation of I.C. § 15–5–103. He argues that the first two sentences only apply to the party paying the funds, providing authority for the simple

discharge of debts owed to a minor, up to $10,000, without the institution of complicated proceedings. He argues that the third sentence of that section imposes an obligation, completely separate from the first two sentences, on a person receiving money for the benefit of a minor. He argues that the $10,000 limitation only applies to the person owing the money to the minor, and that it does not limit the duty imposed upon the person receiving the money for the minor's benefit.

■ Statutory interpretation is a question of law over which this Court exercises free review. *State v. Quick Transp., Inc.*, 134 Idaho 240, 244, 999 P.2d 895, 899 (2000). Statutory interpretation begins with the plain meaning of the statute. *State v. United States*, 134 Idaho 940, 944, 12 P.3d 1284, 1288 (2000). If the statutory language is clear and unambiguous, this Court need merely apply the statute without engaging in statutory interpretation. *State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 727, 732, 947 P.2d 400, 405 (1997). Statutes must be construed as a whole without separating one provision from another. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539, 797 P.2d 1385, 1387 (1990). Viewing I.C. § 15–5–103 as a whole, it unambiguously limits its own applicability, including the duty imposed by the third sentence, to situations where the funds at issue amount to no more than $10,000. The legislature has enacted the three sentences as one unit, and we see no reason to attempt to disassemble this section to accommodate a tortured interpretation.

Consequently, I.C. § 15–5–103 is inapplicable to the current situation, and it cannot be read to impose fiduciary duties upon Althea.

## IV.

### ATTORNEY FEES ON APPEAL

■ Althea has requested an award of attorney fees pursuant to I.C. § 12–121. Attorney fees on appeal pursuant to I.C. § 12–121 are appropriate in a civil action where this Court finds the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Stevens v. Ste-*

*vens*, 135 Idaho 224, 229, 16 P.3d 900, 905 (2000); I.R.C.P. 54(e)(1). Specifically, an award is appropriate if an appeal simply invites an appellate court to second-guess the trial court on conflicting evidence. *DeChambeau v. Estate of Smith*, 132 Idaho 568, 572, 976 P.2d 922, 926 (1999).

Matthew's appeal was not brought frivolously or without foundation; therefore, no attorney fees are awarded.

## V.

### CONCLUSION

The district court properly resolved conflicting inferences from the evidence available on summary judgment. The district court's exclusion of the letter from the Justice Department was not an abuse of discretion, and the court properly concluded that no resulting trust arose. Idaho Code section 15–5–103 is inapplicable to this case. Consequently, the district court's decision to grant respondent's motion for summary judgment is affirmed. No attorney fees are awarded on appeal. Costs on appeal are awarded to respondent.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and EISMANN concur.