47 P.3d 1261

Randy L. HOFFER, Plaintiff–Appellant,

v.

David CALLISTER and Becky Callister, husband and wife; Scott Stewart and Sandra G. Stewart, husband and wife; and Judith E. Wilson, an individual, Defendants–Respondents.

Scott Stewart and Sandra G. Stewart, husband and wife, Counterclaimants,

v.

Randy L. Hoffer, Counterdefendant.

Judith E. Allen, formerly known as Judith E. Wilson, an individual, Counterclaimaint,

v.

Randy L. Hoffer, Counterdefendant.

Judith E. Allen, formerly known as Judith E. Wilson, Cross Claimant,

v.

David Callister and Becky Callister, husband and wife; Scott Stewart and Sandra G. Stewart, husband and wife, Cross Defendants.

Judith E. Allen, formerly known as Judith E. Wilson, an individual, Third Party Plaintiff,

v.

Richard N. Child, Barbara V. Child and Does 1 through 10, Third Party Defendants.

No. 27077.

Supreme Court of Idaho, Boise, January 2002 Term.

May 6, 2002.

Rehearing Denied June 13, 2002.

Marcus, Merrick, Montgomery, Christian & Hardee, LLP, Boise, for appellant. Barry L. Marcus argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for respondents Callisters and Stewarts. C. Clayton Gill argued.

Michael R. Jones, Boise, for respondent Judith E. Allen, formerly known as Judith E. Wilson. Michael R. Jones argued.

KIDWELL, Justice.

This dispute calls for this Court to determine whether zoning violations, if proven, may constitute encumbrances on the title to real property. Randy L. Hoffer (Hoffer) brought this claim for damages against David and Becky Callister and Scott and Sandra G. Stewart (Callister and Stewart), who sold property to him, and Defendant Judith E. Allen, formerly known as Judith E. Wilson (Wilson), Callister and Stewart's predecessor, for breach of contract and breach of deed warranties against encumbrances. The district court granted summary judgment in favor of the defendants, finding that zoning violations are not encumbrances and that, based on the clear language of the contract, there was no breach. Hoffer appealed, and we affirm the decision of the district court.

## I.

## FACTS AND PROCEDURAL BACKGROUND

In 1979, Wilson purchased real property in Ada County, Idaho, from Richard and Barbara Child. When Wilson purchased the property it was being used as a mobile home park (the park), and it contained twenty-seven mobile home spaces. On July 29, 1994, Wilson sold the park to Callister and Stewart pursuant to a real estate contract (Wilson contract), which required Callister and Stewart to make monthly installment payments to Wilson over the course of approximately thirty-five years. Wilson executed a warranty deed in favor of Callister and Stewart.

On August 31, 1995, Callister and Stewart sold the park to Hoffer, assigning their rights under the Wilson contract to Hoffer (assignment contract). Hoffer paid Callister and Stewart cash for their interest and assumed their contract with Wilson. Wilson consented to the assignment and assumption. Callister and Stewart executed a warranty deed in favor of Hoffer.

In the spring of 1999, prospective tenants in the mobile home park advised Hoffer that they could not get permits from Ada County for placement of mobile homes in the park. Hoffer investigated, and he discovered that Ada County was asserting that only sixteen spaces were allowable in the park under relevant zoning restrictions. The County subsequently amended its position to allow for nineteen spaces. Based upon the pleadings, briefs, and affidavits, it is undisputed that Hoffer never had any discussions with Wilson or Callister and Stewart concerning the park's zoning status prior to purchasing the property. It is also undisputed that neither Wilson nor Callister and Stewart had any actual knowledge that Ada County was asserting a possible zoning violation until they were informed of this by Hoffer in 1999. There is no contention that any of the defendants made any representations to Hoffer about the number of spaces allowed in the park or any possible zoning restrictions or violations.

At the outset of this case, Ada County was maintaining the position that the park may contain only nineteen spaces and that Hoffer can reach this number through attrition, as homes are removed from the park over time.

Hoffer instituted this action against Wilson and Callister and Stewart on December 28, 1999, seeking damages for a loss in value of the property, based on the reduction in income he alleged would result from his loss of six rental spaces. He alleged claims for breach of contract and breach of deed warranties against Wilson, and a claim for breach of deed warranties against Callister and Stewart. Alternatively, he sought rescission of the contracts and restitution, based on mutual mistake. Wilson and the Stewarts filed counterclaims against Hoffer, and Wilson filed a cross-claim against Callister and Stewart and a third-party claim against the Childs. The cross-claim, third-party claim, and counterclaims are not at issue in this appeal. No jury trial was requested. Subsequently, Wilson and Callister and Stewart filed motions for summary judgment on Hoffer's claims. Hoffer filed a cross-motion for summary judgment. The district court granted summary judgment in favor of the defendants, dismissing Hoffer's claims, because the court found that, as a matter of law, zoning violations are not encumbrances. The district court also found that, under the clear and unambiguous language of the Wilson contract, there was no breach. Hoffer has appealed the district court's denial of his breach of warranty claims, but he does not argue on appeal that the contracts should be rescinded due to mutual mistake.

## II.

### STANDARD OF REVIEW

On appeal from the grant of a motion for summary judgment, this Court employs the same standard to be used by the district court originally ruling on the motion. *Kelso v. Lance*, 134 Idaho 373, 374–75, 3 P.3d 51, 52–53 (2000). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Ordinarily, this Court liberally construes all disputed facts and draws all reasonable inferences and conclusions supported by the record in favor of the nonmoving party. *Kelso*, 134 Idaho at 375, 3 P.3d at 53.

"However, where the evidentiary facts are undisputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Killinger v. Twin Falls Highway Dist.*, 135 Idaho 322, 325, 17 P.3d 266, 269 (2000). In this case, both parties moved for summary judgment, relying on the same facts, issues, and theories. Additionally, based on the pleadings, affidavits, and briefs, there is no dispute about the facts relevant to this appeal. Consequently, the district judge was entitled to resolve conflicting inferences arising from the facts.

Review of the trial court's resolution of those conflicting inferences is limited to whether the record is sufficient to support

the trial court's findings. *Cameron v. Neal,* 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1997). As to issues of law, this Court exercises free review of the trial court's decision. *Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756, 760, 992 P.2d 751, 755 (1999).

## III.

## ANALYSIS

### A. An Existing Zoning Violation Is Not An Encumbrance.

It has never been judicially determined that there was a zoning violation in this case. The district court granted summary judgment in favor of the defendants, dismissing Hoffer's claims, because the court found that, as a matter of law, zoning violations are not encumbrances. Hoffer appeals from that decision, arguing that, as a matter of law, an existing zoning violation can constitute an encumbrance on the title to real property. This Court exercises free review over issues of law. *Bouten Constr. Co.,* 133 Idaho at 760, 992 P.2d at 755.

The specific question of whether a zoning violation is an encumbrance appears to be an issue of first impression in this state. This is also the paramount issue in this case, because Hoffer's causes of action for breach of deed warranties and breach of contract—except for his claim related to paragraph 8 of the Wilson contract—are dependent upon a finding that the alleged zoning violations, if proven, are encumbrances.

Chapter 6, Title 55 of the Idaho Code governs transfers of real property. Section 55-613 provides, in its entirety: "The term 'encumbrances' includes taxes, assessments, and all liens upon real property." This Court has indicated that I.C. § 55-613 is inclusive, rather than exclusive, and that the law may recognize other types of encumbrances that are not specified in the statute:

Aside from [this] statutory provision[ ], an encumbrance may otherwise be defined to be any right or interest in land to the diminution of its value, but consistent with the free transfer of the fee. It does not depend upon the extent or amount of diminution in value, but embraces all cases in which the owner does not acquire the complete dominion over the land which his grant apparently implies.

*Hunt v. Bremer,* 47 Idaho 490, 494, 276 P. 964, 965 (1929). This Court has more recently stated that "the covenant of title is breached when there are hostile titles, superior in fact to those of the grantor." *Koelker v. Turnbull,* 127 Idaho 262, 265–66, 899 P.2d 972, 975–76 (1995).

■ As the language from these cases makes clear, an encumbrance that does not fit within one of the categories enumerated in I.C. § 55–613 must be a right, interest, or hostile title relating to the land. We find no Idaho authority for the proposition that zoning ordinances or zoning violations generally create such rights, interests, or hostile titles. Additionally, while this Court has not addressed the particular question posed in this case, it has held that privately imposed land use restrictions are not encumbrances. *See Middlekauff v. Lake Cascade, Inc.,* 103 Idaho 832, 834, 654 P.2d 1385, 1387 (1982) (*Middlekauff I*). In *Middlekauff I,* the plaintiffs were the owners of parcels in a subdivision in Valley County, Idaho. At the time the parcels were sold to the plaintiffs, the developer promised that one specific parcel would always be kept open as a common recreational area for use by all of the owners in the subdivision. During the developer's bankruptcy proceedings, the bankruptcy court approved a transfer of the common area to a third party, "free and clear of all liens and encumbrances." *Id.* at 833, 654 P.2d at 1386. The third party then prevented the common use of the property, and the buyers of the subdivision parcels brought suit. The third party claimed that the conveyance approved by the bankruptcy court granted them title free of the use restriction, because the restriction was an encumbrance. This Court held that the third party did not take title to the property free of the use restriction because the interest that the subdivision property owners had in the common use of the parcel was not an encumbrance. *Id.* This Court affirmed that holding in *Middlekauff v. Lake Cascade, Inc.,* 110 Idaho 909, 916, 719 P.2d 1169, 1176 (1986) (*Middlekauff II* ).

We decline to extend the traditional scope of a general warranty against encumbrances in such a manner as to include zoning matters. To expand the concept of encumbrance as urged by Hoffer would create uncertainty and confusion in the law of conveyancing and title insurance. Neither a title search nor a physical examination of the premises would have disclosed the alleged violation. The better way to deal with violations of zoning regulations is by contract provisions, which can give the purchaser full protection in a situation like this one.

■ We hold that a zoning violation of the type alleged in this case does not constitute an encumbrance on the title of real property. We do not address the possible situation in which a zoning violation existing at the time of sale would be so egregious as to substantially or completely destroy the value of the property and render the buyer's title practically meaningless. The district court's decision to grant summary judgment in favor of the defendants is affirmed regarding Wilson's claims that hinge on the definition of "encumbrance."

### B. Summary Judgment In Favor Of The Defendants On Hoffer's Claim For Breach Of Contract Warranties Other Than Warranties Against Encumbrances Was Proper.

Although we have found that the zoning violations alleged in this case are not encumbrances, Hoffer might still prevail on his breach of contract claim against Wilson if there was a breach under paragraph 8 of the Wilson contract, which contains warranties that do not hinge on the definition of "encumbrance." Paragraph 8 provides, in relevant part:

> [B]uyer is acquiring the property "as is." To the best of her knowledge, Seller warrants as follows:
>
> 8.1 No violation exists with respect to the property of any ... local law [or] ordinance.
>
> 8.2 There are no claims, causes of action, or other litigation or proceeding existing, pending, contemplated, threatened or anticipated ....

Based upon the record and the briefs, there is no dispute that Wilson did not have any actual knowledge of the alleged zoning violations. Hoffer argues that the inclusion of the language "to the best of her knowledge" makes the contract ambiguous, creating an issue of fact. Additionally, he argues that by using the language "to the best of her knowledge" Wilson warranted that she had checked the public record and that whatever appeared in the record did not indicate, to the best of her knowledge, any violation. However, this is not a reasonable interpretation of the simple language at issue. The district court properly interpreted the contract language as follows:

> The language of the contract, however, is clear and unambiguous. It states that the warranties are made to the best of seller's knowledge. It does not say the seller has searched the public record, or that no actual violation exists, or that the buyer may rely on this warranty to stop researching on his own. In fact, the contract states that the buyer is taking the property "as is" and that there are no warranties that the property is fit for any particular purpose. Because of the clear language of the contract, I find Plaintiff has no claim for breach of contract based on these provisions.

■ We agree. The warranties contained in paragraph 8 are not ambiguous and did not create a jury question as to their meaning. They clearly apply only to zoning violations or anticipated litigation that Wilson knew about, and they included no warranty that Wilson had checked all of the public records regarding the property. Because there are no allegations that Wilson actually knew of the zoning violations, there can be no breach. Therefore, the district court's decision to grant summary judgment in favor of the defendants on Hoffer's breach of contract claim is affirmed.

### IV.

### ATTORNEY FEES ON APPEAL

■ Callister and Stewart seek attorney fees pursuant to I.C. § 12–120(3) and the assignment contract. However, Hoffer did

not allege that Callister and Stewart breached the assignment contract. His claims against Callister and Stewart related only to their deed; therefore, the provision in that contract regarding attorney fees is irrelevant. Idaho Code section 12–120(3) provides for an award of attorney fees to the prevailing party in a civil action relating to any commercial transaction. Because Callister and Stewart are a prevailing party, and because this case centers on commercial transactions, as Hoffer concedes on appeal, Callister and Stewart are entitled to an award of attorney fees on appeal.

Wilson seeks attorney fees pursuant to the Wilson contract and I.C. § 12–120(3). Paragraph 14 of the Wilson contract provides:

> Should either party default in the performance of any of the covenants or agreements contained herein, such defaulting party shall pay to the other party all costs and expenses, including, but not limited to, a reasonable attorney's fee, including such fees on appeal, which the offended party may incur in enforcing this Contract of Sale or in pursuing any remedy allowed by law for breach hereof, whether such is incurred by the filing of suit or otherwise.

It is questionable whether this language authorizes an award of attorney fees to a prevailing defendant when no default by either party has been shown. However, we hold that Wilson is entitled to an award of attorney fees on appeal under I.C. § 12–120(3).

## V.

### CONCLUSION

A zoning violation of the type alleged in this case does not constitute an encumbrance on the title to real property. Paragraph 8 of the Wilson contract limits its warranties against zoning violations to those within Wilson's knowledge, and Hoffer did not allege that Wilson ever had actual knowledge of the zoning violations. Summary judgment dismissing Hoffer's claims was appropriate, and the decision of the district court is affirmed. Attorney fees and costs on appeal are awarded to the respondents.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and EISMANN concur.