# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39196-2011

A&B IRRIGATION DISTRICT, )
 )
    Petitioner-Appellant, )
 )
v. )
 )
THE IDAHO DEPARTMENT OF WATER )
RESOURCES and GARY SPACKMAN in )
his official capacity as Interim Director of the )
Idaho Department of Water Resources, )
 )
    Respondents. )
 )

Twin Falls, August 2012 Term

2012 Opinion No. 121

Filed: September 14, 2012

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Twin Falls County. The Hon. Eric J. Wildman, District Judge.

The order of the district court is reversed.

Paul L. Arrington, Barker Rosholt & Simpson LLP, Twin Falls, argued for appellant.

Garrick L. Baxter, Deputy Attorney General, Boise, argued for respondents.

---

EISMANN, Justice.

This is an appeal out of the SRBA court in Twin Falls County. The appellant had filed a petition for reconsideration of an administrative order issued by the Idaho Department of Water Resources, and, when the Department failed to decide the merits of the petition within twenty-one days, the appellant filed a petition for judicial review of the Department's order, contending that the petition for reconsideration was deemed denied pursuant to Idaho Code section 67-5246(4). The Department later decided the petition for reconsideration and issued an amended order. The district court held that section 67-5246(4) did not require the Department decide the merits of the petition for reconsideration within twenty-one days; it only had to agree to consider the petition within that time frame. The court therefore dismissed appellant's petition for judicial review on the ground that the order it sought to have reviewed had been superseded by the

amended order. We vacate the dismissal because the petition for reconsideration was deemed denied by section 67-5246(4) when the Department failed to decide it within twenty-one days, and the amended order was therefore a nullity because the Department did not have jurisdiction to issue it.

## I.

### Factual Background.

On April 27, 2011, the Idaho Department of Water Resources (IDWR) issued a final order in an administrative proceeding entitled "In the Matter of the Petition for Delivery Call of A&B Irrigation District for the Delivery of Ground Water and for the Creation of a Ground Water Management Area." On May 11, 2011, A&B Irrigation District (A&B) timely filed a petition for reconsideration pursuant to Idaho Code section 67-5246(4). That statute provides, "The petition is deemed denied if the agency head does not dispose of it within twenty-one (21) days after the filing of the petition."

On June 1, 2011, IDWR issued an order granting the petition for reconsideration, but the order did not address the merits of the petition. It merely ordered "that the Petition is GRANTED for the sole purpose of allowing additional time for the Department to respond to the Petition. An order responding to the merits of the Petition shall issue no later than June 9, 2011." On June 9, 2011, IDWR issued an amended order granting the petition for reconsideration in which it ordered "that the Petition is GRANTED for the sole purpose of allowing additional time for the Department to respond to the Petition. An order responding to the merits of the Petition shall issue no later than June 30, 2011."

On June 27, 2011, A&B filed a petition for judicial review pursuant to Idaho Code section 67-5273(2), which provides that "if reconsideration is sought, [the petition must be filed] within twenty-eight (28) days after the service date of the decision thereon." Because the director had failed to dispose of the petition for reconsideration by ruling on its merits within twenty-one days, A&B considered the petition to have been deemed denied pursuant to Idaho Code section 67-5246(5)(b).

On June 30, 2011, IDWR issued a decision on the merits of the petition for review, granting it in part and denying it in part. On the same date, it issued an amended final order based upon its decision on the petition for reconsideration.

On July 7, 2011, IDWR moved to dismiss the petition for judicial review on the ground that the petition sought review of the April 27th order, that the order had been superseded by the June 30th order, and that the only final agency action was now the latter order. The district court agreed and dismissed the petition for judicial review. A&B timely appealed.

## II.

### Analysis.

The issue in this appeal is the meaning of the term "dispose of" as it is used in subsections (4) and (5) of Idaho Code section 67-5246, which state:

> (4) Unless otherwise provided by statute or rule, any party may file a motion for reconsideration of any final order issued by the agency head within fourteen (14) days of the service date of that order. The agency head shall issue a written order *disposing of* the petition. The petition is deemed denied if the agency head does not *dispose of* it within twenty-one (21) days after the filing of the petition.
> (5) Unless a different date is stated in a final order, the order is effective fourteen (14) days after its service date if a party has not filed a petition for reconsideration. If a party has filed a petition for reconsideration with the agency head, the final order becomes effective when:
> (a) The petition for reconsideration is *disposed of*; or
> (b) The petition is deemed denied because the agency head did not *dispose of* the petition within twenty-one (21) days.

(Emphases added.)

IDWR argued to the district court that an agency could "dispose of" a petition for reconsideration without deciding that petition on the merits. Thus, it contended that it disposed of the petition for reconsideration when it granted the petition for the sole purpose of gaining additional time to consider the petition's merits.

The district court found that the verb phrase "dispose of" was ambiguous and held that IDWR's interpretation of the statute was entitled to deference under *J.R. Simplot Co. v. Idaho State Tax Commission*, 120 Idaho 849, 820 P.2d 1206 (1991). In that case, we held that "[i]n determining the appropriate level of deference to be given to an agency construction of a statute, we are of the opinion that a court must follow a four-prong test." *Id.* at 862, 820 P.2d at 1219. The first prong of the test is whether "the agency has been entrusted with the responsibility to administer the statute at issue. Only if the agency has received this authority will it be 'impliedly clothed with power to construe' the law." *Id.*

3

Idaho Code section 67-5246 is part of the Idaho Administrative Procedure Act, I.C. §§ 67-5201 to 67-5292 (IAPA). IDWR contends that it was entrusted with the responsibility to administer the IAPA by Idaho Code section 42-1701A(1) which states, "All hearings required by law to be held before the director of the department of water resources shall be conducted in accordance with the provisions of chapter 52, title 67, Idaho Code [IAPA], and rules of procedure promulgated by the director." A legislative directive that IDWR comply with the IAPA cannot reasonably be construed as delegating to IDWR the responsibility for administering the IAPA. IDWR has not been entrusted with the responsibility of administering the IAPA. That Act applies to "each state board, commission, department or officer authorized by law . . . to determine contested cases." I.C. § 67-5201(2).[1] Therefore, any interpretation by IDWR of the provisions of the section 67-5246 is not entitled to deference. *Westway Constr., Inc. v. Idaho Transp. Dept.*, 139 Idaho 107, 115, 73 P.3d 721, 729 (2003).

The interpretation of a statute is a question of law over which we exercise free review. *Gooding County v. Wybenga*, 137 Idaho 201, 204, 46 P.3d 18, 21 (2002). It must begin with the literal words of the statute, *Thomson v. City of Lewiston*, 137 Idaho 473, 478, 50 P.3d 488, 493 (2002); those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole, *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).

When a party in a contested case files a petition for reconsideration, Idaho Code section 67-5246(4) requires that "[t]he agency head shall issue a written order *disposing of* the petition." (Emphasis added.) The statute further provides that the petition is deemed denied "if the agency head does not *dispose of* it within twenty-one (21) days after the filing of the petition." (Emphasis added.) The words "dispose of" mean "to deal with conclusively <*disposed of* the matter efficiently>." Merriam-Webster, Inc., Merriam-Webster's Collegiate Dictionary 335 (10th ed., 1993); *accord* Barnes & Noble Books, Webster's New Universal Unabridged Dictionary 414 (1992) (dispose of means "to deal with conclusively, settle").

IDWR's orders issued on June 1 and June 9 did not dispose of the petition for reconsideration because those orders did not address the merits of the petition. They merely stated that the petition for reconsideration was granted "for the sole purpose of allowing

---

[1] The Act does not apply to the legislative and judicial branches, the executive officers listed in Article IV, section 1, of the Idaho Constitution, the state militia, and the state board of correction, I.C. § 67-5201(2), and the Act does not apply to the public utilities commission and the industrial commission when they are hearing contested cases, I.C. § 67-5240.

additional time for the Department to respond to the Petition" and that "[a]n order responding to the merits of the Petition shall issue" at a later date. Giving the words "dispose of" their normal meaning, these orders clearly did not dispose of the petition nor did they purport to. It was not until June 30, 2011, that IDWR issued an order addressing the petition's merits.

IDWR contends that its construction of the statute "is in accord with the leading commentary on Idaho's Administrative Procedure Act, *The Idaho Administrative Procedure Act: A Primer for the Practitioner*, 30 Idaho L. Rev. 273 (1993), written by Michael S. Gilmore & Dale D. Goble" and "is also consistent with the written explanatory comments that accompany the Idaho Attorney General's Model Rules of Administrative Procedure."[2]

We must base our decision on the actual wording of the statute. The statute does not state that the petition is deemed denied if, within twenty-one days, the agency head does not "accept" the petition or "agree to reconsider the final order." Rather, the agency head must "dispose of" the petition within that time period. The only reasonable construction is that to dispose of the petition for reconsideration, the agency must decide it on the merits. Only a decision on the merits would deal with the petition conclusively. This interpretation is confirmed by subsection (5) of the statute, which states:

> (5) Unless a different date is stated in a final order, the order is effective fourteen (14) days after its service date if a party has not filed a petition for

---

[2] With respect to the law review article, IDWR argues:

> The authors state that an agency head is not required to make a final determination on the merits within twenty-one days:
>> A petition for reconsideration that is not acted upon within twenty-one days is presumed denied. It is not necessary, however, that the officer *decide* the issues presented by the petition within twenty-one days; it is only necessary that the petition be *accepted*, which can be accomplished through notification of the parties that the officer will reconsider the order.
> *Id*. at 329 (emphasis in original) (footnotes omitted).

With respect to the explanatory comments to the Attorney General's Model Rules, IDWR argues:
> This definition is also consistent with the written explanatory comments that accompany the Idaho Attorney General's Model Rules of Administrative Procedure:
>> In Rules 720, 730 and 740, the presiding officer has twenty-one days to act on a petition for reconsideration. But granting reconsideration is not the same as issuing the final decision following reconsideration. Reconsideration can be granted by issuing an order that says, "The petition for reconsideration is granted," then proceeding to schedule the further hearings, briefing, etc., on reconsideration.
> *Idaho Administrative Procedure Act with Comments and Idaho Attorney General's Model Rules of Practice and Procedure*, Written Comments to Rules 710 through 789 (1993) . . . .

reconsideration. If a party has filed a petition for reconsideration with the agency head, the final order becomes effective when:
> (a) The petition for reconsideration is *disposed of*; or
> (b) The petition is deemed denied because the agency head did not *dispose of* the petition within twenty-one (21) days.

I.C. § 67-5246(5) (emphases added).

Subsection (5) of the statute specifies when a final order becomes effective. If there is no petition for reconsideration, the final order becomes effective fourteen days after the order's service date or on such other date that is specified in the final order.[3] If there is a timely petition for reconsideration filed, "the final order becomes effective when: (a) The petition for reconsideration is disposed of; or (b) The petition is deemed denied because the agency head did not dispose of the petition within twenty-one (21) days." I.C. § 67-5246(5).

A petition for reconsideration can only be made with respect to a final order.[4] The final order is effective "*when*: (a) The petition for reconsideration is disposed of." *Id.* (emphasis added). In this context, the word "when" is a conjunction meaning "at what time." Barnes & Noble Books, Webster's New Universal Unabridged Dictionary 1626 (1992). If, as IDWR contends, a petition for reconsideration is disposed of when it is accepted for consideration, then the final order would become effective when the agency agreed to reconsider it, even though it had not yet made a decision on the merits of the petition for reconsideration. Because no other final order would yet exist, the final order that would become effective at that point would be the one the agency had agreed to reconsider. Under IDWR's view of the statute, there would then be no specific time limit for deciding the merits of the petition for reconsideration. Thus, the order being reconsidered could be effective for months before there was any decision on the merits of the petition for reconsideration. There is no reason to believe that the legislature would have wanted a final order to become effective before there was a final decision on a petition seeking reconsideration of that order.

IDWR contends that a twenty-one day time limit for deciding a petition for reconsideration would, in some instances, be unworkable and would not allow it sufficient time

---

[3] "Unless a different date is stated in a final order, the order is effective fourteen (14) days after its service date if a party has not filed a petition for reconsideration." I.C. § 67-5246(5).

[4] "Unless otherwise provided by statute or rule, any party may file a motion for reconsideration of any final order issued by the agency head within fourteen (14) days of the service date of that order." I.C. § 67-5246(4).

to evaluate the issues raised by the petition and to make a thoroughly considered opinion. We must apply the statute as written. "If the statute is unwise, the power to correct it resides with the legislature, not the judiciary." *State Through Idaho State Bd. of Accountancy v. League Services, Inc.*, 108 Idaho 157, 159, 697 P.2d 1171, 1173 (1985).

A petition for reconsideration is not disposed of until there is a decision on the merits of the petition. A&B filed its petition for reconsideration on May 11, 2011. IDWR had twenty-one days from that date (until June 1, 2011) within which to decide the petition on the merits. Because IDWR's Director did not issue a written decision disposing of the petition for reconsideration by June 1, 2011, the petition was deemed denied. I.C. § 67-5246(4). At that point, IDWR no longer had jurisdiction in the matter, and the order issued on June 30, 2011, is a nullity. Because A&B's petition for reconsideration was deemed denied, the final order was the order issued on April 27, 2011. A&B was entitled to seek judicial review of that order, and the district court erred in dismissing its petition on the ground that the April 27 order was not final.

### III.

### Conclusion.

The order dismissing A&B's petition for judicial review is reversed. We award costs on appeal to appellant.

Chief Justice BURDICK, Justices J. JONES, HORTON and J. Pro Tem KIDWELL **CONCUR.**

J. JONES, J., specially concurring.

I reluctantly concur in the Court's Opinion because, in light of the language contained in I.C. § 67-5246(5), I simply can't read I.C. § 67-5246(4) to allow more than 21 days for an agency head to decide a motion for reconsideration on the merits. Were it not for subsection (5), I could accept IDWR's argument that an agency head can dispose of a reconsideration petition by entering an order, within the 21-day period, agreeing to reconsider, but not actually deciding it on the merits within that period, as per IDWR's argument referenced in footnote 2 of the Opinion. However, due to the wording of I.C. § 67-5246(5), that argument simply will not wash. It may be that the intent of the drafters was as argued by IDWR but the legislative language was

simply inadequate to carry out that intent. Since IDWR's argument is based solely on the legislative language, the Court's Opinion is correct.

That being said, the conclusion dictated by the statute does not appear to be advisable policy. In an important and complicated case, such as most water cases are, it makes little sense to allow the agency head to have only 21 days in which to make a decision on a motion for reconsideration. Granted, the garden variety reconsideration motion that presents itself in the garden variety case may be amenable to such a limited time frame. However, in a complicated case such a limitation does not particularly lend itself to thoughtful, informed decision-making. The statutory limitation lends itself to speed, rather than quality. In cases where the movant presents valid concerns, the agency head is faced with three alternatives—drop everything else and devote full attention to the movant's concerns, respond with a less-than-informed effort, or simply deny the motion outright. But, as the Opinion suggests, any policy correction with respect to the statute is in the legislative arena.

One further observation is appropriate with regard to the objective of this appeal. If the objective was to speed along appellate consideration of the final order issued by IDWR on April 27, 2011, it is not clear that such objective has been well served. Indeed, the consideration of that order on appeal has been delayed about a year and a half, while the parties have contested the 21-day issue. A&B filed its motion for reconsideration on May 11, 2011. Apparently, it did so because it was unhappy with the final order and sought changes. The decision on the merits was not forthcoming until June 30, 2011, clearly beyond the 21-day period. However, the decision on the merits was made shortly after the deadline, and the appeal from that decision would likely have come before this Court well before the time frame in which the appeal of the initial final order will be considered. When asked at oral argument why A&B chose to appeal on the timeliness issue, counsel responded that it was for the purpose of expediting action by IDWR. It is questionable whether that objective has been attained. Consideration of the initial order on the merits has been substantially delayed and the appeal will involve a final order that A&B was apparently not happy with in the first place.

Chief Justice BURDICK CONCURS.

8