## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 40461-2012

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Boise, August 2013 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2013 Opinion No. 101** |
| v. | ) | |
| | ) | **Filed: October 2, 2013** |
| JOSEPH RICHARD CLINTON, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Deborah A. Bail, District Judge.

The judgment of the district court is affirmed.

Shawn F. Wilkerson, Deputy State Appellate Public Defender, Boise, for appellant.

Jason M. Gray, Deputy Attorney General, Boise, for respondent.

---

EISMANN, Justice.

This is an appeal out of Ada County contending that the district court erred in failing to order a mental health evaluation for a child molester prior to sentencing and abused its discretion in sentencing the defendant to prison. We affirm the judgment of the district court.

## I.
## Factual Background.

Joseph Richard Clinton was indicted for the felony crime of lewd conduct with a minor under sixteen years of age. Although he was initially found incompetent to stand trial, he was determined to be competent after a reassessment. He pleaded guilty to the charge, and he underwent a psychosexual evaluation prior to sentencing. He did not request an evaluation of his mental condition pursuant to Idaho Code section 19-2522, nor did the district court sua sponte order one. The court sentenced him to serve twenty years in the custody of the Idaho Board of Correction, with three years of the sentence fixed and the remainder indeterminate. Clinton filed

a motion for reduction of his sentence pursuant to Idaho Criminal Rule 35, which the court denied. Clinton then timely appealed.

His appeal was first heard by the Idaho Court of Appeals. He contended that the district court erred in failing to sua sponte order a mental health evaluation and that it abused its discretion in imposing the sentence. The Court of Appeals affirmed the sentence. In doing so, it held that a trial court's unobjected to failure to order a mental examination prior to sentencing would be reviewed under a manifest disregard standard rather than the fundamental error standard announced by this Court in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010). The State filed a petition for review regarding that issue, and we granted the State's petition. In cases that come before this Court on a petition for review of a Court of Appeals decision, we directly review the decision of the lower court as if the appeal initially had come directly to this Court. *State v. Suriner*, 154 Idaho 81, 83, 294 P.3d 1093, 1095 (2013).[1]

## II.
## Did the District Court Err in Failing to Sua Sponte Order a Mental Evaluation?

Idaho Code section 19-2522(1) provides that "[i]f there is reason to believe the mental condition of the defendant will be a significant factor at sentencing and for good cause shown, the court shall appoint at least one (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant." Clinton did not request a mental health evaluation prior to his sentencing, and did not object to the failure to have that evaluation. Because the district court's failure to sua sponte order the evaluation did not violate a constitutional right, it

---

[1] In deciding that the manifest disregard standard survived our *Perry* decision, the Court of Appeals stated:

> Initially, we note that, despite the language and apparent scope of *Perry*, the *Perry* Court neither addressed nor expressly overruled the manifest disregard standard this Court has consistently applied for many years. In other words, there was no effort by our Supreme Court to explicitly invalidate the manifest disregard standard, despite the opportunity to do so in *Perry* and in subsequent cases where *Perry* was applied to post-trial issues.

This statement reflects a misunderstanding of our standard of review. When we issue an opinion that announces a rule of law, we do not search opinions of the Court of Appeals to see if our decision conflicts with a rule of law previously announced by that court. Rather, we simply expect lower courts, including the Court of Appeals, to follow decisions of this Court when there is a conflict between our decisions on an issue of law and those of the Court of Appeals. If, in an appeal to this Court, a party relies upon the reasoning in an opinion of the Court of Appeals, we may agree with or reject that reasoning, but even if we reject the reasoning we will not expressly overrule the decision of the Court of Appeals because it was not our opinion. Even when we grant review in a case that was initially decided by the Court of Appeals, we do not reverse its decision when we disagree with it, because we hear the case anew and do not review the decision of the Court of Appeals.

does not constitute a fundamental error that is reviewable on appeal. *State v. Carter*, No. 39927, 2013 WL 4398863 (Idaho Aug. 16, 2013).

## III.
## Did the District Court Abuse Its Discretion In Imposing the Sentence?

Clinton contends that the district court abused its discretion in imposing the sentence of twenty years in the custody of the Idaho Board of Correction with three years fixed. "We review the length of a sentence under an abuse of discretion standard." *State v. Al–Kotrani*, 141 Idaho 66, 70, 106 P.3d 392, 396 (2005). "When a sentence is challenged as being excessively harsh, we independently review the record on appeal, having due regard for the nature of the offense, the character of the offender, and the protection of the public interest." *State v. Jeppesen*, 138 Idaho 71, 76, 57 P.3d 782, 787 (2002). "[W]hen doing so we consider the defendant's entire sentence." *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). However, "[w]e presume that the fixed portion of the sentence will be the defendant's probable term of confinement. That is because whether or not a defendant serves longer than the fixed portion of the sentence is a matter left to the sole discretion of the parole board . . . ." *Id*. (citation omitted). "When determining whether the sentence is excessive, we must consider: (1) the protection of society; (2) deterrence of the defendant and others; (3) the possibility of the defendant's rehabilitation; and (4) punishment or retribution for the defendant." *State v. Strand*, 137 Idaho 457, 460–61, 50 P.3d 472, 475–76 (2002). "In order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts." *State v. Cannady*, 137 Idaho 67, 73, 44 P.3d 1122, 1128 (2002).

When imposing sentence, the district court considered that in this case Clinton had lured a seven-year-old girl into his mobile home, where he sexually assaulted her; that Clinton had a prior conviction for lewd conduct with a minor stemming from an incident in which Clinton sexually abused three young boys who were seven, nine, and eleven years of age; that in the earlier criminal case, Clinton admitted to having molested fifty children; and that in the opinion of the psychologist who performed the psychosexual evaluation in this case, Clinton is a pedophile who does not have the capacity to contain his desires to sexually abuse children and is a high risk to reoffend.

3

Clinton argues that the district court abused its discretion for several reasons. He asserts that "the district court concluded, without any evidence to support its conclusion, that Mr. Clinton's dementia should be a [sic] aggravating factor because his sexual desires will continue while his dementia will reduce his ability to understand his actions." During the sentencing hearing, the district court stated that "the defendant is suffering from dementia, which will probably worsen his ability to understand and internalize additional counseling" and that "[u]nfortunately, sexual impulses tend to survive dementia."

Dementia is the progressive deterioration of cognitive function. The psychologist who conducted the psychosexual evaluation of Clinton stated that he had low intellectual functioning and that "individuals who have low intellectual functioning could sometimes act on their inappropriate sexual impulses purely based on incapacity to contain sexual desires." The psychologist stated that Clinton's "insight into his sexual issues appeared quite poor, and he did not present with having the tools necessary to manage them." With respect to Clinton's potential to benefit from treatment, the psychologist stated that considering that Clinton "had previously participated in ten years of sexual offender treatment and still re-offended, in addition to taking into account his limited intellect, there [are] concerns regarding how much more he could learn from sexual offender treatment." The district court did not err in its evaluation that Clinton's dementia increased the risk of him reoffending.

Clinton also points out that he stated he wanted to reinitiate sexual offender treatment and that the psychologist concluded that Clinton "would be considered amenable for sexual offender treatment." However, the psychologist added, "Based on risk level, it was recommended treatment took place in a structured environment." In its judgment, the district court recommended that Clinton "participate in Sex Offender treatment while incarcerated." The sentence is certainly consistent with that recommendation.

Finally, Clinton argues that he receives support from his friends, has a place to live, and has a positive employment background. The existence of these factors does not show that the district court abused its discretion in imposing the sentence. Just before announcing the sentence, the court stated that "the risk in this case is quite high, and the practical solutions are non-existent." There is no indication that the district court abused its discretion in imposing the sentence in this case.

4

**IV.**
**Conclusion.**

We affirm the judgment of the district court.


Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**