IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42697-2014

STATE OF IDAHO, )
)
    Plaintiff-Respondent, )
)
v. )
)
RYAN M. RAWLINGS, )
)
    Defendant-Appellant. )
)

Boise, December 2015 Term

2015 Opinion No. 114

Filed: December 22, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County.  Hon. Charles W. Hosack, District Judge, and Hon. Rich Christensen, District Judge.

The judgment of the district court is affirmed.

Jay W. Logsdon, Deputy Kootenai County Public Defender, Coeur d'Alene, argued for Appellant.

Jessica M. Lorello, Deputy Attorney General, Boise, argued for Respondent.

_____

EISMANN, Justice.

    This is an appeal out of Kootenai County challenging the burglary statute on the grounds of equal protection and freedom of speech and challenging the admission into evidence of the defendant's prior shoplifting from the same national retailer as evidence that the defendant intended to commit a theft when he entered the store.  We affirm the judgment of the district court.

I.
Factual Background.

    On May 6, 2014, Ryan Rawlings went into a Wal-Mart store to steal various items.  He selected a large tote, placed it in a shopping cart, filled the tote with small items of merchandise, and covered them with the tote's lid.  He also selected a combination floor lamp and table and placed it in the cart.  He then pushed the cart through the self-checkout line without paying for

the merchandise. He obviously hoped that a cart containing two items that were too large to bag would not attract attention. However, a loss prevention officer had observed Mr. Rawlings's actions. The loss prevention officer called law enforcement and then walked outside the store. He stopped Mr. Rawlings in the parking lot and asked Mr. Rawlings to come back into the store. Mr. Rawlings complied. When a sheriff's deputy arrived, he talked with Mr. Rawlings after giving him *Miranda* rights. The Deputy asked Mr. Rawlings whether he had previously committed thefts like this, and Mr. Rawlings answered that he had back in Ohio. He stated that he had always been able to take items from Wal-Mart stores in the past without getting caught.

Mr. Rawlings was charged with petit theft, a misdemeanor, and burglary, a felony. He waived his right to a preliminary hearing on the felony, and he was bound over to answer in the district court. Prior to trial, his counsel, Jay W. Logsdon, moved to dismiss the burglary charge on the grounds that the statute, as applied to Mr. Rawlings, violated both the Equal Protection Clause of the Fourteenth Amendment and the Freedom of Speech Clause of the First Amendment. Judge Charles W. Hosack heard that motion and denied it.

Prior to trial, the Prosecutor served and filed a notice of the State's intent to present evidence of Mr. Rawlings's statement regarding his prior thefts, and Mr. Logsdon filed and served a motion in limine seeking to exclude that evidence. Judge Rich Christensen heard the motion and ruled that the evidence was admissible.

During a conference in chambers on the morning of the trial, Mr. Logsdon re-argued the motion in limine, and Judge Christensen adhered to his prior ruling. Then the Prosecutor orally moved to dismiss the petit theft charge, and the district court granted the motion. The burglary charge was tried to the jury, which found Mr. Rawlings guilty of burglary. He then timely appealed.

## II.
### Did the District Court Err in Holding that the Burglary Statute, as Applied to Mr. Rawlings, Does Not Violate the Equal Protection Clause of the Fourteenth Amendment?

Mr. Logsdon filed a pre-trial motion to dismiss the burglary charge on the ground that, as applied to Mr. Rawlings, it violated the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons

similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The first step in addressing an equal-protection challenge is identifying the classification being challenged. *In re Bermudes*, 141 Idaho 157, 160, 106 P.3d 1123, 1126 (2005).

The statute defining burglary states, "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, vehicle, trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary." I.C. § 18-1401. During oral argument in the district court on the motion to dismiss, Mr. Logsdon identified the classification being challenged as follows:

> The motion has two different points: One is the attack on the—for lacking an equal application, for whatever reason, blocking out the entering of certain spaces for further punishment rather than thieves that would not do so. And so the category, essentially, as it stands, would be—I think, is a category of either everybody who enters into structures with the intent to commit theft versus everybody who intends to commit theft and doesn't wind up having to enter a structure.

During his argument before the district court, Mr. Logsdon further refined the classification to be compared with the statute. He stated that when Mr. Rawlings entered the Wal-Mart, it was a commercial business open to the public and as a member of the public Mr. Rawlings had been invited in, so he was not trespassing. Mr. Logsdon added that his challenge would not include a situation where someone who intended to commit a theft in a private home was invited in by the homeowner. He also would limit his challenge to those who enter with the intent to commit petit theft, a misdemeanor, rather than grand theft, a felony. Insofar as is relevant to this case, petit theft would be stealing property where the value of the property taken does not exceed $1,000. I.C. §§ 18-2407(1)(b)1., 8., (2) & 18-2408.

Under Idaho law, there is no requirement that a burglar actually commit a theft. The crime of burglary is complete when there is an entry with the intent to commit a theft, even if the burglar then abandons that intent or for some other reason fails to commit the theft. *State v. McCormick*, 100 Idaho 111, 114-15, 594 P.2d 149, 152-53 (1979); *State v. Hewitt*, 73 Idaho 452, 461, 254 P.2d 677, 682 (1953); I.C. § 18-1401. Also, there is no requirement that the burglar, at the time of entry, know that there is anything inside that he wants to steal; all that is required is

entry with the intent to steal anything he finds that he might desire to appropriate. *State v. Dwyer*, 33 Idaho 224, 225-26, 191 P. 203, 203 (1920).

Thus, Mr. Logsdon contends that the burglary statute, as applied to Mr. Rawlings, denied him the equal protection of the law because it criminalized his conduct in entering a store during business hours with the intent to steal in that part of the store open to the public whatever merchandise he desired that had a total value not exceeding $1,000, but the statute does not criminalize the conduct of someone who walks around outdoors with the hope of discovering property not exceeding $1,000 in value that could be stolen without committing a common-law trespass to real property. "Equal protection embraces the principle that all persons in like circumstances should receive the same benefits and burdens of the law." *In re Bermudes*, 141 Idaho at 160, 106 P.3d at 1126. The persons in these two classifications are not in like circumstances. Therefore, Mr. Rawlings has not shown that the district court erred in holding that the burglary statute does not violate the Equal Protection Clause of the Fourteenth Amendment.

Mr. Logsdon may not like the fact that retail stores are within the ambit of the statute during business hours, but that is a matter within the discretion of the legislature. The burglary statute enacted by Idaho's territorial legislature in 1864 would not have criminalized Mr. Rawlings's conduct because it only applied to the nighttime entry, with the required intent, "into any dwelling house, or any other house whatever, or tent." Cr. & P. 1864, § 59. In 1887, the territorial legislature enacted a burglary statute that expanded the statute's scope to what is essentially the same as the current statute. It applied to the entry, with the required intent, into "any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car." Rev. Stats. Idaho Terr. § 7014 (1887). Since 1887, Idaho's burglary statute has applied to the entry into a store during business hours to commit a theft, except for about one year. In 1971, the legislature repealed the burglary statute and adopted the Model Penal Code, which excluded from burglary "premises [that] are at the time open to the public." Ch. 143, §§ 1, 5, 1971 Idaho Sess. Laws 630, 688, 730. The following year, the legislature repealed the Model Penal Code and re-enacted the version of burglary that had been repealed in 1971, so that burglary again included entry, with the required intent, into a store. Ch. 336, § 1, 1972 Idaho Sess. Laws 844, 871. Considering that shoplifting results in an increased cost of goods to consumers, there is a legitimate interest in discouraging shoplifting

from retail stores. "We must apply the statute as written. 'If the statute is unwise, the power to correct it resides with the legislature, not the judiciary.' " *A & B Irr. Dist. v. Idaho Dep't of Water Res.*, 154 Idaho 652, 656, 301 P.3d 1270, 1274 (2012).

## III.
## Did the District Court Err in Holding that the Burglary Statute Did Not Violate the First Amendment?

Mr. Logsdon also moved to dismiss the burglary charge on the ground that it violates the freedom of speech protected by the First Amendment. He argued that the element of the crime that the person enter "with intent to commit any theft or any felony" constitutes punishing someone for "bad thoughts" and has a chilling effect on speech.Mr. Logsdon does not contend that the burglary statute had a chilling effect upon Mr. Rawlings's speech. Rather, he contends that the statute may have a chilling effect upon the speech of others because they may be deterred from making public statements supporting shoplifting for fear that if they thereafter enter a store there would be a police officer waiting to arrest them for burglary based solely upon their prior statements. This fanciful argument is simply too ridiculous of a hypothesis to support a claim that the statute has a chilling effect upon protected speech. *See* <u>Wisconsin v. Mitchell</u>, 508 U.S. 476, 488-89 (1993). Assuming that a store became concerned that someone who had publically supported shoplifting would enter the store intending to commit a theft, the store would simply tell that person to leave.

"The First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Id*. at 489. Likewise, it does not prohibit defining a crime to include as an element that the defendant have a specific intent. *Virginia v. Black*, 538 U.S. 343, 363 (2003). Making it a crime to perform an act with a specific intent does not constitute a thought crime. As explained in *United States v. Tykarsky*, 446 F.3d 458 (3d Cir. 2006), which Mr. Logsdon cited as supposedly supporting his argument,:

> That the legality of a physical act turns on criminal intent is hardly a novel proposition. If criminal laws could not look to intent and motivation to distinguish lawful conduct from unlawful conduct, virtually every crime with a mens rea requirement would be invalidated on the ground that it constitutes a "thought crime." For example, buying a gun and standing outside someone's home may be perfectly legal, but doing so with the subjective intent of shooting the person who comes out could constitute attempted murder.

*Id.* at 472. The *Tykarsky* court affirmed a conviction for the crime of interstate travel for the purpose of having illicit sexual conduct with a minor. *Id.* at 461. The defendant had argued that the crime simply punished his mere act of thinking while traveling. *Id.* at 471.

The district court did not err in holding that the burglary statute did not violate Mr. Rawlings's freedom of speech.

## IV.
### Did the District Court Err in Permitting Testimony about Mr. Rawlings's Statement that He Previously Got Away with Stealing from Wal-Mart?

During the trial, the district court permitted the Deputy Sheriff to testify as follows:

> PROSECUTOR: Q. Okay. Did Mr. Rawlings tell you anything else about his theft involvement?
> DEPUTY: A. He did. Again, through the course of just my conversation and investigation with him, he had an Ohio ID card. I asked if he's committed thefts like this in the past.
> MR. LOGSDON: Your Honor, I'm going to object at this time. I think we're entering into 404(b) evidence.
> THE COURT: Overruled.
> DEPUTY: He advised that he had back in Ohio.
> PROSECUTOR: Q. Okay. And specifically what did he say to you?
> DEPUTY: A. That he's—has gotten away with it before.

[The Deputy reviewed his report to refresh his memory and the court instructed the jury that the evidence, if believed, should not be considered to prove Mr. Rawlings's character or that he has a disposition to commit crimes, but was only to be considered for the limited purpose of proving his intent.]

> PROSECUTOR: Q. So can you advise the jury what Mr. Rawlings told you at that time regarding the prior activities in Ohio?
> DEPUTY: A. Just said that he's always been able to get away with it.
> PROSECUTOR: Q. Okay. And get away with what?
> DEPUTY: A. Not getting caught by taking items from stores. Not getting caught.
> PROSECUTOR: Q. Okay. Did he indicate whether or not there were any specific stores?
> DEPUTY: A. Just Wal-Mart in the past.

The district court ruled that the above testimony was admissible pursuant to Rule 404(b) of the Idaho Rules of Evidence. As a general rule, evidence of other crimes, wrongs, or acts

previously committed by a defendant is not admissible for the purpose of showing a criminal propensity that makes it more likely that the defendant committed the crime for which he or she is on trial. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009); I.R.E. 404. However, evidence of other crimes may be admissible for other purposes, such as to show intent. I.R.E. 404(b). Mr. Logsdon contends that the district court erred in admitting the evidence because the State failed to give timely notice of its intent to offer the evidence and its probative value, if any, was outweighed by the danger of unfair prejudice.

Rule 404(b) states that for such evidence to be admissible, the prosecutor "shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Compliance with the notice requirement "is mandatory and a condition precedent to admission of other acts evidence." *State v. Sheldon*, 145 Idaho 225, 230, 178 P.3d 28, 33 (2008). The criminal complaint charging Mr. Rawlings with burglary was filed on May 7, 2014. On May 12, 2014, the Prosecutor provided defense counsel with a copy of the police report, which included the account that Mr. Rawlings had stated "he has shoplifted from Walmart in Ohio in the past and always got away with it." The trial was scheduled to commence on September 16, 2014. On September 5, 2014, Mr. Logsdon filed and served a motion in limine to bar the use of such evidence, and the Prosecutor filed and served a notice of intent to use Mr. Rawlings's statement to the Deputy as evidence.

The admissibility of the Rule 404(b) evidence and the motion in limine were heard on September 12, 2014. "The admissibility of evidence offered pursuant to Rule 404(b) requires a two-step analysis." *State v. Russo*, 157 Idaho 299, 308, 336 P.3d 232, 241 (2014). The first step was for the district court to determine whether the evidence met the requirements for admissibility under Rule 404(b), and the second step was for the court to decide whether, under Rule 403, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *Id.*

After considering the parties' arguments and briefing, the court stated that it went through the required two-step analysis. It determined that the evidence regarding Mr. Rawlings's statement to the Deputy was sufficiently established and was relevant to the disputed issue of Mr. Rawlings's intent, which the State was required to prove. It next held that the probative value of the evidence was not outweighed by the danger of unfair prejudice. The court stated that it had

7

conducted the Rule 403 analysis; that it "intends to allow the statement to come in"; that the evidence "is more probative than prejudicial to the issue"; and that the evidence is "not unfairly prejudicial in this matter." The court also held that the defense could interview the officer at 8:30 a.m. on the morning of trial and that if, based upon that interview, the defense thought that the evidence regarding Mr. Rawlings's prior crimes was not sufficiently established, it could raise that issue outside the presence of the jury. On September 15, 2014, the court entered an order stating that the State's 404(b) evidence was admissible and that the defense could interview the Deputy on the morning of the trial.

Another public defender had represented Mr. Rawlings at the hearing regarding the admissibility of the Rule 404(b) evidence. On the morning of trial, Mr. Logsdon raised the issue again because he was unclear what had happened at the prior hearing and wanted to make his objections to the evidence clear. The issues he argued were: (a) "whether . . . there's clear evidence that these prior thefts ever actually occurred, whether or not he really made that statement"; (b) "whether or not this is going to be relevant to this particular case"; and (c) "whether or not it would be unfairly prejudicial." At the conclusion of arguments by both Mr. Logsdon and the Prosecutor, the court stated that those arguments were not significantly different from the prior arguments regarding the admissibility of the evidence and that the court's order entered on September 15, 2014, will stand.

On appeal, Mr. Logsdon first contends that the district court erred in admitting the Rule 404(b) evidence because the court apparently found that the Prosecutor's notice was untimely. Compliance with the notice requirement "is mandatory and a condition precedent to admission of other acts evidence," *Sheldon*, 145 Idaho at 230, 178 P.3d at 33, absent a showing of good cause, I.R.E. 404(b). The district court did not expressly address the timeliness of the notice.

We review the trial court's determination that evidence is admissible under Rule 404(b) under an abuse-of-discretion standard. *State v. Pepcorn*, 152 Idaho 678, 690-91, 273 P.3d 1271, 1283-84 (2012). "To determine whether a trial court has abused its discretion, this Court considers whether it correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by an exercise of reason." *Reed v. Reed*, 137 Idaho 53, 57, 44 P.3d 1108, 1112 (2002).

Mr. Logsdon contends that the district court abused its discretion by applying the wrong legal standard. He asserts that, "by the Court's actions, it appears to have accepted that the Notice was late, but that the prejudice from the late disclosure could be cured by having the deputy available early the day of trial." He bases this conjecture upon the fact that, in addition to holding that the evidence was admissible, the court ordered that "the State must make Deputy Toal available to defense counsel prior to trial on September 16, 2014 at Jury Trial so that defense counsel has an opportunity to investigate the extent to which there is sufficient evidence to establish the prior bad act as a fact." Mr. Logsdon contends that the opportunity to question the Deputy must have been ordered in order to alleviate prejudice caused by the Prosecutor's untimely service and filing of the notice. This interpretation of what occurred is not supported by the record.

As mentioned above, the admissibility of evidence under Rule 404(b) requires a two-step analysis. The first step was for the district court to determine whether the evidence met the requirements for admissibility under Rule 404(b), and the second step was for the court to decide under Rule 403 if the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *Id.* The district court first analyzed the admissibility of the evidence under Rule 404(b) and found it admissible under that rule. It then determined that the probative value of the evidence was not exceeded by the risk of unfair prejudice under Rule 403. The district court would not logically have conducted a Rule 403 analysis without first determining that the evidence was admissibile under Rule 404(b). The evidence would not meet the admissibility requirements of Rule 404(b) unless the Prosecutor filed and served the Rule 404(b) notice reasonably in advance of trial. I.R.E. 404(b). Although the district court did not expressly state that the Rule 404(b) notice was filed and served reasonably in advance of trial, it implicitly so held because it denied the motion in limine. *See Herman ex rel. Herman v. Herman*, 136 Idaho 781, 786, 41 P.3d 209, 214 (2002).

In arguing the motion in limine on September 12, 2014, the defense asserted that the Prosecutor's 404(b) notice was untimely, but the defense did not even assert that there was any prejudice from the alleged untimeliness. The defense only argued that it had not been provided any video from a body camera to verify the accuracy of what the Deputy stated in his report. The Prosecutor responded that to her knowledge there was no video, but defense counsel could cross-examine the Deputy as to why there was no video. The court's order to permit the defense

to interview the Deputy was most likely to permit that questioning to occur prior to trial. The record does not indicate whether the defense took advantage of the opportunity to interview the Deputy. Nevertheless, Mr. Rawlings has not shown that the district court erred in holding that the evidence met the requirements for admissibility under Rule 404(b).

Finally, Mr. Logsdon contends that the district court erred in its Rule 403 analysis by holding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. He argues that the district court erred by relying upon the opinion of the Idaho Court of Appeals in *State v. Brummett*, 150 Idaho 339, 247 P.3d 204 (Ct. App. 2010), which he asserts was wrongly decided and asks that we =overrule it. The request that we overrule *Brummett* reflects a misunderstanding of the appellate system in Idaho. We would not overrule the *Brummett* opinion even if we disagreed with it. As we explained in *State v. Clinton*, 155 Idaho 271, 311 P.3d 283 (2013):

> When we issue an opinion that announces a rule of law, we do not search opinions of the Court of Appeals to see if our decision conflicts with a rule of law previously announced by that court. Rather, we simply expect lower courts, including the Court of Appeals, to follow decisions of this Court when there is a conflict between our decisions on an issue of law and those of the Court of Appeals. If, in an appeal to this Court, a party relies upon the reasoning in an opinion of the Court of Appeals, we may agree with or reject that reasoning, but even if we reject the reasoning we will not expressly overrule the decision of the Court of Appeals because it was not our opinion. Even when we grant review in a case that was initially decided by the Court of Appeals, we do not reverse its decision when we disagree with it, because we hear the case anew and do not review the decision of the Court of Appeals.

*Id*. at 273 n.1, 311 P.3d at 313 n.1.

In *Brummett*, loss prevention officers at Shopko stores in Boise, Meridian, and Nampa determined from observing surveillance tapes that Brummett had stolen electronic merchandise from those stores. *Brummett*, 150 Idaho at 341, 247 P.3d at 206. When he returned to the Meridian Shopko store and was observed again stealing electronic merchandise, he was arrested. *Id*. He admitted that the stolen merchandise belonged to Shopko and had not been purchased. *Id*. At his trial for burglary from the Meridian store, the district court allowed the State to offer evidence of Brummett's prior thefts from Shopko stores in order to show his intent when he entered the Meridian store this time. *Id*. The jury found him guilty of burglary, and he appealed.

10

*Id*. On appeal, the Court of Appeals held that the district court did not err in admitting the evidence. In so holding, the Court of Appeals stated:

> Next, we consider Brummett's argument that the evidence was, nonetheless, inadmissible because it could not show his intent without making the implied conclusion that, because he stole before, he was guilty of the crime in this case. However, the logical inference to be drawn by the intent evidence is not that, because Brummett committed the act before, he committed it in this case. Rather, the inference is that, because Brummett has committed the act with the requisite criminal intent on previous occasions, it is less likely that he entered the store with innocent intent on the present occasion.

*Id*. at 343, 247 P.3d at 208.

Rule 403 does not require the exclusion of prejudicial evidence. *State v. Russo*, 157 Idaho 299, 309, 336 P.3d 232, 242 (2014). Most evidence offered to prove a defendant's guilt is inherently prejudicial. *Id*. The rule only applies to evidence that is *unfairly* prejudicial because it tends to suggest that the jury should base its decision on an improper basis. *Id*. On appeal, Mr. Logsdon does not directly challenge the district court's discretionary determination in this case that the probative value of the evidence was not outweighed by the risk of unfair prejudice. Rather, he asks us to rule that *Brummett* was wrongly decided and to hold that evidence of Mr. Rawlings's prior thefts from Wal-Mart in order to prove his intent to steal upon entering the Wal-Mart in this case was unfairly prejudicial as a matter of law because the prior thefts did not show his intent upon entering the store in this instance and Rule 404(b) evidence is always evidence of the defendant's propensity to commit the crime being tried.

"This Court freely reviews the question of relevancy as an issue of law." *State v. Johnson*, 148 Idaho 664, 667, 227 P.3d 918, 921 (2010). Mr. Rawlings's statement as recounted by the Deputy was certainly relevant to his intent upon entering the Wal-Mart store in this case. The jury could consider that evidence, along with the other circumstances surrounding his conduct in the store, to determine whether he had the intent to commit a theft when he entered the store. We agree with the Court of Appeals in *Brummett* that the logical inference to be drawn from the Deputy's testimony is that because Mr. Rawlings shoplifted in the past, he was less likely to have entered the store with innocent intent in this case. The jury is certainly not required to draw that inference, but it may do so.

Likewise, we are not persuaded that the probative value of this evidence always will be, or in this case was, outweighed by the risk of unfair prejudice. As the Deputy was testifying in this case, the district court instructed the jury as follows:

> Evidence has been introduced for the purpose of showing the defendant committed crimes other than for that which the defendant is on trial. Such evidence, if believed, if you believe that evidence, is not to be considered by you to prove the defendant's character or that the defendant has a disposition to commit crimes. Such evidence may be considered by you only for the limited purpose of proving the defendant's intent.

We presume that the jury followed this instruction in reaching its verdict. *State v. Carson*, 151 Idaho 713, 718, 264 P.3d 54, 59 (2011). A trial court's determination under Rule 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *Johnson*, 148 Idaho at 667, 227 P.3d at 921. Mr. Logsdon has not shown an abuse of discretion in this case. Thus, we find no error in the district court's decision to admit the challenged Rule 404(b) evidence.

## V.
## Conclusion.

We affirm the judgment of the district court.

Chief Justice J. JONES, Justices BURDICK and W. JONES **CONCUR.**

HORTON, J., concurring.

I fully join in the Court's decision. I write separately only for the purpose of identifying an additional reason for rejecting Rawlings' challenge to Idaho Code section 18-1401.

Rawlings' equal protection argument on appeal, as distinguished from the argument before the trial court, is based upon the fact that burglary is punishable as a felony, whereas petit theft—or as Rawlings prefers to characterize it, "simple shoplifting"—is punishable as a misdemeanor. Based upon the disparate treatment of the different offenses, Rawlings asks this Court to declare Idaho Code section 18-1401 to be unconstitutional. In doing so, he overlooks one important fact: Idaho Code section 18-1401 does not declare burglary to be a felony nor does it prescribe potential penalties for the offense.

Idaho Code section 18-1403 defines the potential penalties for burglary as "imprisonment in the state prison for not less than one (1) nor more than ten (10) years." Idaho Code section 18-109(2) defines an act punishable by imprisonment as a "crime" and Idaho Code section 18-111 defines a crime punishable by imprisonment in the state prison as a "felony." Rawlings' equal protection argument relates to the operation of Idaho Code section 18-1403, not Idaho Code section 18-1401. Thus, even if Rawlings' equal protection argument were not otherwise completely devoid of merit, it would fail because he has asked us to declare the wrong statute to be unconstitutional.