**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42870**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 432 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 14, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NICHOLAS TATE VANCE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |
| | ) | SUBSTITUTE OPINION |
| | ) | THE COURT'S PRIOR PUBLISHED |
| | ) | OPINION DATED NOVEMBER 3, 2015 |
| | ) | IS HEREBY WITHDRAWN |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order withholding judgment, affirmed.

John M. Adams, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

———————————————

GUTIERREZ, Judge

Nicholas Tate Vance appeals from the district court's order withholding judgment entered upon a jury verdict finding Vance guilty of burglary. Vance argues that Idaho's burglary statute, Idaho Code § 18-1401, violates both the United States and Idaho Constitutions under equal protection, First Amendment, and cruel and unusual punishment grounds. Vance additionally argues the district court erred in refusing to admit evidence of a lack of past bad acts. For the reasons explained below, this Court affirms the district court's order.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2014, Vance was arrested at a Wal-Mart on suspicion of theft. Vance took a calculator from the Wal-Mart and brought it to the customer service desk to "return" the calculator for a gift card. He told the police that he visited Wal-Mart, hungry and without money, to return items from inside the store for a no-receipt return. Vance admitted he formed the intent to steal items and then return them for reimbursement before he entered Wal-Mart.

The State charged Vance with burglary pursuant to I.C. § 18-1401. Idaho's burglary statute makes it a crime to enter a building or vehicle with the intent to commit any theft or felony. The punishment for burglary is imprisonment for not less than one year, and any crime punishable by imprisonment, including burglary, is a felony. I.C. §§ 18-1403, 18-111.

During trial and on cross-examination, the defense asked a Wal-Mart asset protection employee whether the instant offense was Vance's first offense. The State objected, and the defense argued that the evidence was relevant to intent. The district court determined that the lack of a prior offense was not relevant and that it was being used as impermissible character evidence. The jury found Vance guilty of burglary.

Vance requested the district court commute the sentence to make the conviction a misdemeanor, rather than a felony. In the alternative, Vance requested the district court enter a withheld judgment. The district court subsequently ordered a withheld judgment. Vance now appeals.

# II.

## STANDARD OF REVIEW

Vance argues that Idaho's burglary statute, I.C. § 18-1401, violates both the Idaho and United States Constitutions in several respects. Where the constitutionality of a statute is challenged, we review the district court's decision de novo. *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998); *State v. Martin*, 148 Idaho 31, 34, 218 P.3d 10, 13 (Ct. App. 2009). The party attacking a statute on constitutional grounds bears the burden of proof and must overcome a strong presumption of validity. *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003), *abrogated on other grounds by Evans v. Michigan*, ___ U.S. ___, 133 S. Ct. 1069 (2013); *State v. Cook*, 146 Idaho 261, 262, 192 P.3d 1085, 1086 (Ct. App. 2008). Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality. *State*

*v. Manzanares*, 152 Idaho 410, 418, 272 P.3d 382, 390 (2012); *Martin*, 148 Idaho at 34, 218 P.3d at 13.

Additionally, Vance contends the district court erred in excluding Vance's lack of instances of shoplifting from Wal-Mart. The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### III.
### ANALYSIS

**A.    Equal Protection Clause**

Vance first argues that I.C. § 18-1401 is unconstitutional under the Equal Protection Clause of both the Idaho and United States Constitutions. Specifically, Vance contends that the statute "irrationally punishes those who form the intent to steal and then enter an enclosed space far more harshly than those who do so without entering such a space." Vance does not argue that the Idaho Constitution affords greater protection, so this Court follows the Equal Protection analysis pursuant to the United States Constitution. The principle underlying the Equal Protection Clause of both constitutions is that all persons in like circumstances should receive the same benefits and burdens of the law. *State v. Hansen*, 125 Idaho 927, 933, 877 P.2d 898, 904 (1994); *State v. Jones*, 140 Idaho 41, 51, 89 P.3d 881, 891 (Ct. App. 2003). "Equal protection issues focus on classifications within statutory schemes that allocate benefits or burdens differently among the categories of persons affected." *State v. Breed*, 111 Idaho 497, 500, 725 P.2d 202, 205 (Ct. App. 1986). In any equal protection analysis, the court must first, identify the classification that is being challenged; second, articulate the standard under which the

3

classification will be tested; and third, determine whether the standard has been satisfied. *Id.* at 500, 725 P.2d at 205.

Accordingly, in order for Vance to prevail, he is required to show that he, by virtue of some classification, was treated differently than a person who does not share that classification. But I.C. § 18-1401 does not create a classification. The statute applies to "every person" who enters a building with the intent to commit any theft or felony. *See State v. Hamlin*, 156 Idaho 307, 316, 324 P.3d 1006, 1015 (Ct. App. 2014) (holding that a statute applied to "any person" who sexually abused and exploited a vulnerable adult and did not treat the defendant differently on account of any classification). It is true, as Vance points out, that Idaho law differentiates between "thieves that steal out-of-doors and those that choose to go inside a structure." But these two types of thieves are not similarly situated people simply because they both steal--one steals outside in the open while the other steals, or intends to steal, from within a building or vehicle. The burglary statute applies to all people who intend to steal from within a building or vehicle. Additionally, the statutes differentiate between those that form the intent to steal while indoors (who would be prosecuted for theft) and those that form the intent to steal while outside and then enter a building (who would be prosecuted for burglary). But, again, these two types of thieves are not similarly situated. Idaho Code § 18-1401 does not treat all thieves differently. Rather, the larceny and theft statutes address different degrees of theft, and I.C. § 18-1401 applies to every person who enters an enumerated place with intent to commit any theft or felony.

Moreover, in *State v. Rawlings*, 159 Idaho 498, 501, 363 P.3d 339, 342 (2015), the Idaho Supreme Court recently rejected an equal protection challenge against I.C. § 18-1401. There, the defendant argued he was denied equal protection of the law because I.C. § 18-1401 criminalized his conduct in entering a store during business hours with the intent to steal, but the statute does not criminalize the conduct of someone who walks around outdoors with the hope of discovering property to steal. *Rawlings*, 159 Idaho at 501, 363 P.3d at 342. The Court held, "The persons in these two classifications are not in like circumstances." *Id.*

We note that Idaho's burglary statute enacted in 1864 would not have criminalized Vance's conduct because it applied only to nighttime entry. Over time, the statute's scope was broadened to apply to entries into stores during business hours. "Considering that shoplifting results in an increased cost of goods to consumers, there is a legitimate interest in discouraging

4

shoplifting from retail stores." *Rawlings*, 159 Idaho at 502, 363 P.3d at 343. Furthermore, "[w]e must apply the statute as written. If the statute is unwise, the power to correct it resides with the legislature, not the judiciary." *Id.* (internal citation and quotation marks omitted).

In sum, Vance is unable to get past the first step of the equal protection analysis. Thus, his equal protection claim fails.

**B.     Freedom of Speech**

Vance further argues that Idaho's burglary statute violates the First Amendment to the United States Constitution because the crime defined is a thought crime and the statute chills protected speech. "As a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Alvarez*, ___ U.S. ___, ___, 132 S. Ct. 2537, 2543 (2012). Idaho Code § 18-1401, however, does not restrict speech. The statute instead restricts people from performing an act--entering a building or vehicle--with the intent to commit a theft or felony. Restricting criminal intent, when combined with the performance of an act, does not necessarily implicate the First Amendment. *See State v. McDougall*, 113 Idaho 900, 902, 749 P.2d 1025, 1027 (Ct. App. 1988) ("In every crime or public offense there still must exist either a union of act and intent, or criminal negligence."). As the Idaho Supreme Court recently noted, the First Amendment "does not prohibit defining a crime to include as an element that the defendant have a specific intent. Making it a crime to perform an act with a specific intent does not constitute a thought crime." *Rawlings*, 159 Idaho at 502, 363 P.3d at 343. Accordingly, the Court rejected a First Amendment challenge to Idaho's burglary statute. *Id.* at 502-03, 363 P.3d at 343-44. Here, too, Vance's First Amendment argument fails.

**C.     Cruel and Unusual Punishment**

Vance next contends, for the first time on appeal, that Idaho's burglary statute is unconstitutional because it imposes a felony conviction, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment and Article I, Section 6 of the Idaho Constitution. It is well settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the

5

level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Here, Vance did not properly raise this argument below,[1] and the district court made no ruling on it. Moreover, Vance only argued fundamental error in his reply brief, rather than his opening appellate brief. Idaho Appellate Rule 35(a)(4) requires an appellant to raise issues in the initial appellate brief. Issues raised for the first time in a reply brief are not considered. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Vance therefore waived this argument on appeal and this Court will not consider it.

D.      **Character Evidence**

Finally, Vance maintains the district court erred in excluding evidence of his lack of past shoplifting offenses from Wal-Mart. Vance contends he does not argue on appeal that his lack of prior thefts is admissible under Idaho Rule of Evidence 404(b). Instead, he argues that *State v. Brummett*, 150 Idaho 339, 247 P.3d 204 (Ct. App. 2010) supports his proposition that a lack of prior shoplifting events is relevant to the issue of intent. However, *Brummett* does not stand for this proposition. *Brummett* does not discuss a lack of prior bad acts, only the existence of prior bad acts. Moreover, the issue of intent, which is an element of the charged crime, is undisputed in this case. Vance admitted to the police that he intended to go into Wal-Mart to steal an item and give it to the customer service desk for a no-receipt return. He admitted to the police that he had no money and was hungry. Finally, even if it was error to exclude evidence of a lack of past shoplifting offenses, the error is harmless. An error is harmless when it does not affect the substantial rights of the parties. Idaho Criminal Rule 52; *State v. Hooper*, 145 Idaho 139, 146,

---

[1]      Vance did argue in his second motion to dismiss that the imposition of a felony conviction in his case constitutes cruel and unusual punishment. However, that motion was dismissed because it was untimely. Accordingly, the district court never considered the issue, and there is no adverse ruling in the record on the issue.

176 P.3d 911, 918 (2007). Here, because Vance confessed that he entered Wal-Mart with the intent to steal, the exclusion of evidence pertaining to a lack of past shoplifting offenses would not affect the substantial rights of either party. In sum, the district court did not abuse its discretion in excluding evidence of a lack of prior bad acts.

## IV.
## CONCLUSION

Vance has not established that I.C. § 18-1401 is unconstitutional under equal protection, First Amendment, or cruel and unusual punishment grounds. Moreover, the district court did not abuse its discretion in excluding evidence at trial of Vance's lack of past shoplifting offenses. Therefore, this Court affirms the district court's order withholding judgment.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.